UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SARAH SUTTON, ET AL                CIVIL ACTION NO. 13-cv-0952

VERSUS                              JUDGE FOOTE

BRODERICK DAVIDSON, ET AL           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Brett Rogers' **Motion to Intervene (Doc. 24)** is **granted in part and denied in part**. The biological father of an injured child is entitled to pursue a claim for loss of consortium. Rogers has filed a paternity action in state court, as required by state law. See Udomeh v. Joseph, 103 So. 3rd 343 (La. 2012). He represents that a test shows there is more than a 99% chance he is the father, and documents filed by the mother in state court appear to admit that she and Rogers are together the parents of a child. That showing is adequate to allow Rogers to file a complaint in intervention and assert his consortium claim. The child's mother argues that Rogers did not have a meaningful relationship with the child, but such arguments will go to the merits of any defense to the claim offered by the defendants. They do not impede Rogers' ability to assert a claim. Rogers is directed to file by **June 2, 2014** a complaint in intervention to assert his consortium claim.

Rogers also wishes to pursue claims on behalf of the injured child. He alleges that the mother, Sarah Sutton, is unfit for her role as tutor and has a conflict of interest because the defendants accuse her of fault in connection with the accident. Sutton has attempted to avoid

the conflict issue by way of a state court proceeding in which the child's claim was assigned to a special needs trust. Sutton has filed in this court a Motion to Substitute Party Plaintiff (Doc. 28) in which she asks to substitute the trustee as the proper party to prosecute the claims of the child. Rogers opposes that change and has filed in the state court a challenge to the transfer of the claims to the trust. He insists that he is the proper party to represent the interests of the child.

It appears that proceedings will be held in state court in the near future to address those matters. Based on principles of comity and respect for the role of the state courts in deciding domestic matters, the undersigned finds that this court should defer a decision on the proper party to represent the child in this case until the state courts have an opportunity to resolve the tutorship, filiation, trust, and related issues that will be central to that decision. Accordingly, the **Motion to Substitute Party Plaintiff (Doc. 28)** is **denied without prejudice** to being re-urged after the state court has issued decisions on the relevant issues.

Rogers has filed a **Motion to Strike (Doc. 30)** in which he complains that Sutton's memorandum in opposition to his motion to intervene is filled with scandalous allegations that attack his moral character and accuse him of being a grifter, child molester, and domestic abuser. The motion is **denied**, given the potential relevance of such matters to the tutorship dispute, but counsel for Sutton is directed to avoid unsupported or sensationalized personal attacks in the filings.

The **status conference** set for June 18, 2014 is reset to **July 16, 2014 at 2:00 p.m.** Out of town counsel may participate by telephone with prior notice to the court. The use of cell phones is prohibited.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of May, 2014.

Mark L. Hornsby
U.S. Magistrate Judge