UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SARAH SUTTON                                    CIVIL ACTION NO. 13-cv-0952

VERSUS                                          JUDGE WALTER

BRODERICK DAVIDSON, ET AL                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Background**

  This lawsuit arises out of a trucking accident in which Plaintiff and her minor child sustained injuries. Intervenor, the biological father of the child, has filed a claim in this court for loss of consortium. Defendants believe that Intervenor has never really supported the child and has showed interest in him after the accident only because of the possibility of getting money.

**The Pending Motions**

  Defendants have filed a **Motion to Compel (Doc. 93)** that asks the court to compel Plaintiff and Intervenor to produce documents and correspondence (including emails and text messages) between Intervenor and Plaintiff regarding the child. Defendants' requests include documents, pleadings, discovery, and correspondence related to two state court actions, Rogers v. Sutton, No. 566,334, 1st JDC (under seal), and Tutorship of LAT, No. 566,135, 1st JDC. Defendants also seek production of the car seat used by the child at the time of the accident. Plaintiff and Intervenor oppose the Motion to Compel and also filed a **Motion for**

**Protective Order (Doc. 103)** and a **Motion to Quash Subpoenas and for Sanctions (Doc. 127).**

Plaintiff and Intervenor's objections to production of the requested correspondence, including emails and text messages, are overruled. Attached to the Motion to Compel are text messages from Plaintiff to Intervenor referring to him as a "child molester," "monster," and "psycho" who has not paid child support in months. The text messages show that Plaintiff threatened Intervenor several times with restraining orders and arrest.

Such communications, while no doubt embarrassing to Plaintiff and Intervenor in the current context, are nonetheless highly relevant to their claims for damages, including their consortium claims. It appears Intervenor has produced screen shots of numerous text messages and typed versions of other messages. It does not appear that Plaintiff has produced any of the requested text messages.

Defendant's motion to compel is **granted as follows**. Plaintiff and Intervenor are directed to provide their phones to a third-party expert (not related in any way to the parties or their attorneys) for the extraction of all text messages and emails between Plaintiff and Intervenor regarding the child (including, but not limited to, communications regarding paternity, support, visitation, and tutorship). The production shall include the dates and times of the communications, if available. Upon production of the third-party's invoice, Defendants shall immediately reimburse Plaintiff and Intervenor's attorneys for the cost of the third-party's extraction of the messages and emails. Time is short; production of the emails and messages shall be made no later than **February 27, 2015**.

Plaintiff and Intervenor are further directed to produce discovery and correspondence exchanged between them (or their attorneys on their behalf) related to the two state court cases. Excerpts of the state court pleadings show the Intervenor and Plaintiff filed extreme and disturbing allegations against each other. Those types of allegations are relevant to Plaintiff and Intervenor's relationship with the child, their damages, and their fitness to assert certain claims. Plaintiff and Intervenor's various assertions of attorney-client privilege, settlement privilege, and work product immunity for such matters border on frivolous. And the fact that Plaintiff and Intervenor later convinced a state court judge to seal one of the cases does not make the information contained therein less relevant to this case.

No later than **February 20, 2015**, Plaintiff and Intervenor are directed to file a joint motion with the state court to unseal the records (it appears only the paternity action was sealed) for the limited purpose of providing a complete copy of the records to Defendants. Whether the records remain sealed for other purposes is left to the discretion of the state court.

With regard to file materials in the possession of the attorneys for Intervenor and Plaintiff, Defendants shall be provided with all discovery and correspondence exchanged between the attorneys and parties. Plaintiff and Intervenor need not produce correspondence sent only to them by their attorney. But they must produce correspondence, discovery, and the like exchanged *between the parties* during the state court litigation. There is no privilege or immunity applicable in that situation because the excerpts provided to this court show that

Plaintiff and Intervenor were clearly adverse to one another – and sought to impede or extinguish each other's right to assert claims in this court – throughout the proceedings.

With regard to the car seat, Plaintiff is directed to obtain the car seat immediately and make it available to Defendants for inspection. Plaintiff (or her counsel) is then directed to maintain control of the car seat for the remainder of this litigation.

Intervenor's **Motion for Protective Order (Doc. 103)** is granted in part as follows. Intervenor need not turn over his phone to Defendants or Defendants' expert. Such a request is impermissibly broad given the less intrusive means available to obtain the relevant information. To that end, and as ordered above, Intervenor is directed to turn over his phone to a third-party expert (chosen by Intervenor) who will extract all text messages and emails between Intervenor and Plaintiff regarding the child.

Plaintiff's **Motion to Quash and for Sanctions (Doc. 127)** is granted in part and denied in part. The subpoenas issued to the cell phone carriers are quashed. However, the court reserves Defendants right to re-serve the subpoenas if information comes to light that Plaintiff or Intervenor (or their third-party expert) did not make a good faith effort to extract and produce all emails and text messages regarding the child. Plaintiff's request for sanctions is denied.

All other relief in connection with the pending motions is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of February, 2015.

Mark L. Hornsby
U.S. Magistrate Judge